**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Yasmany Garcia-Suarez, et al.,

Plaintiffs,

v.

Tiedmann Globe Incorporated, et al.,

Defendants.

Case No. 2:26-cv-01141-RFB-NJK

**Order**

[Docket No. 15]

Pending before the Court is the parties' joint stipulation for an extension of time. Docket No. 15.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension

request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The first defendant appeared in this action on April 13, 2026, when this case was removed from state court. Docket No. 1. On May 29, 2026, the Court entered the scheduling order, setting the discovery cutoff for October 12, 2026. *See* Docket No. 8 at 1-2. The parties requested a 308-day discovery period but failed to provide reasons why longer time periods should apply to the case; therefore, the Court granted the parties the presumably reasonable 180-day discovery period. *See id.*

The instant stipulation is deficient for several reasons. *See* Docket No. 15. First, the stipulation uses the incorrect current case management deadlines. *See id.* at 4. The stipulation reflects the case management deadlines originally requested in the parties' joint stipulated discovery plan, *see* Docket No. 7 at 2-3, rather than the Court-issued case management deadlines provided in the scheduling order. *See* Docket No. 8 at 1-2. While the parties submit that they request a 90-day extension of deadlines, *see* Docket No. 15 at 4, the parties actually request a 217-day extension of the subject deadlines. *Compare* Docket No. 8 at 1-2, *with* Docket No. 15 at 4. Further, the parties fail to demonstrate diligence because they have not completed any affirmative discovery in this matter. *See* Docket No. 15 at 2. Additionally, the reasons provided in the instant motion are insufficient to justify an extension. Local Rule IA 11-6(d) provides that "[d]ischarge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case." Further, it is unclear why the depositions scheduled for August 21, 2026, justify an extension of deadlines given that those depositions fall within the October 12, 2026, discovery cutoff. Finally, "settlement discussions and the potential for alternative dispute resolution should have an ongoing presence in federal litigation from its

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

inception;" therefore, the parties' scheduled mediation does not establish good cause for an extension. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022).

Accordingly, the Court **DENIES** the parties' stipulation without prejudice. Docket No. 15.

IT IS SO ORDERED.

Dated: July 23, 2026

Nancy J. Koppe
United States Magistrate Judge