MATTHEW A. CAVANAUGH
Nevada Bar No. 11077
Matthew.Cavanaugh@lewisbrisbois.com
JOSHUA M. MACLEOD
Nevada Bar No. 17247
Joshua.MacLeod@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
*Attorneys for Defendants*
*Tiedemann Globe Incorporated & Devin J. Davis*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

YASMANY GARCIA-SUAREZ; ANGELICK BETANCOURT; JUAN CISNEROS,

Plaintiffs,

v.

TIEDEMANN GLOBE INCORPORATED; DEVIN JAMALL DAVIS; DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive,

Defendants.

CASE NO.: 2:26-cv-01141-RFB-NJK

**JOINT STIPULATION AND ORDER TO EXTEND CASE DEADLINES (THIRD REQUEST)**

IT IS HEREBY STIPULATED by and between Plaintiffs ANGELICK BETANCOURT; and JUAN CISNEROS (collectively, “Plaintiffs”) and Defendants, TIEDEMANN GLOBE INCORPORATED and DEVIN JAMALL DAVIS (collectively “Defendants”), through their respective attorneys of record, to continue all discovery deadlines in the above-captioned matter.

The parties jointly submitted a proposed discovery plan and scheduling order following removal, which the Court adopted. The parties filed a Stipulated Joint Discovery Plan and Scheduling Order on May 28, 2026, and the Court entered an order adopting it on May 29, 2026.

The current Scheduling Order sets, among other dates, a discovery cutoff of October 12, 2026; a dispositive motion deadline of November 11, 2026; and a joint proposed pretrial order deadline of December 11, 2026 (or 30 days after resolution of dispositive motions).

On September 25, 2026, the parties filed a joint stipulation requesting a three-month extension to the case deadlines. On September 28, 2026, the Court denied the stipulation without prejudice, finding an absence of detailed, date-specific efforts showing diligence and an insufficient explanation for a three-month extension. The parties now submit this renewed request for a 60-day extension, supported by a specific record of diligence and tailored to the work remaining.

Plaintiffs filed their Complaint in the Eighth Judicial District Court on March 12, 2026; Defendants answered on April 13, 2026, and removed the case the same day. Following removal, the parties conferred and submitted a joint discovery plan on May 28, 2026, which the Court adopted on May 29, 2026. Between July 1 and July 13, 2026, counsel transitions occurred for Plaintiffs Angelick Betancourt and Juan Cisneros, and the Court addressed counsel withdrawal issues related to Plaintiff Yasmany Garcia-Suarez; service and acknowledgment of the withdrawal motion were completed by July 13, 2026. The parties exchanged initial disclosures, witness lists, and supplemental disclosures that included additional medical records. Defendants served written discovery on Plaintiffs Betancourt and Cisneros, and those Plaintiffs served responses. Plaintiffs Betancourt and Cisneros sat for depositions on August 12, 2026. The parties disclosed all initial and rebuttal experts. The parties attended mediation at Advanced Resolution Management on August 26, 2026; recognizing at mediation that additional medical records and billing were needed to evaluate claims and defenses, the parties agreed to continue the mediation to a later date while they pursued the additional records. Thos records have been disclosed along with Plaintiffs' final medical billings and this matter is positioned for settlement discussions.

A 60-day extension would allow the parties to engage in the specific tasks remaining and the time reasonably needed to complete them with diligence:

- Treating-provider depositions that are necessary to assess causation. Defendant is scheduling the depositions of several medical providers based upon those physicians schedules and availability.
- Depositions of Tiedemann Globes' 30(b)(6) witness and driver, Devin Jamall Davis.

This limited extension will not prejudice any party and will promote an efficient resolution of remaining discovery and potential settlement discussions. The Court's scheduling order may be modified for good cause and with the Court's consent where deadlines cannot reasonably be met despite diligent efforts. The parties have pursued written discovery, depositions, expert disclosures, and mediation within the current schedule and have identified treating physicians and disclosed experts who need to be deposed, along with Defendants' depositions. In light of these discrete tasks remaining, good cause exists for a modest 60-day extension.

**A. DISCOVERY COMPLETED**

1. On March 12, 2026, Plaintiffs filed their Complaint in the Clark County District Court, Clark County, Nevada.
2. On April 13, 2026, Defendants Answered the Complaint.
3. On April 13, 2026, Defendant filed its Notice of and Petition for Removal.
4. On May 28, 2026, the parties filed a Stipulated Joint Discovery Plan and Scheduling Order Pursuant to FRCP 26(f) and Local Rule 26-1(b).
5. On May 29, 2026, the Court entered an Order adopting the Joint Discovery Plan and Scheduling Order signed by Magistrate Nancy J. Koppe.
6. On June 26, 2026, counsel filed Claggett & Sykes Law Firm's Motion To Withdraw As Counsel of Record For Plaintiff Yasmany Garcia-Suarez.

7. On July 1, 2026, counsel for Dimopoulos Injury Law filed Substitution of Counsel by Angelick Betancourt and Juan Cisneros.

8. On July 1, 2026, the Court issued an Order Granting Notice of Substitution of Counsel for Plaintiffs, Angelick Betancourt and Juan Cisneros, signed by Magistrate Judge Nancy J. Koppe.

9. On July 9, 2026, the Court entered a Minute Order on Motion to Withdraw as Attorney directing service of the Motion to Withdraw on Yasmany Garcia and to file notice of service of same.

10. On July 13, 2026, counsel filed Acknowledgement of Service Executed as to Motion to Withdraw as Attorney, with Acknowledgment of Receipt of Motion To Withdraw and Court Order Acknowledgement signed by Plaintiff, Yasmany Garcia-Suarez.

11. The parties have exchanged discovery disclosures and witness lists, as well as supplemental disclosures of additional medical records.

12. Defendants the Plaintiffs' with written discovery that Plaintiffs Juan Cisneros and Angelick Bentancourt have answered.

13. Plaintiffs' Juan Cisneros and Angelick Bentancourt were deposed on August 12, 2026.

14. The Parties have disclosed all initial and rebuttal experts.

15. The Parties attended mediation at Advanced Resolution Management on August 26, 2026, realizing that additional medical records and billing had to be collected, the Parties agreed to postpone the mediation to a later date.

/ / /

/ / /

**B. REMAINING DISCOVERY**

1. Treating-provider and expert depositions.

2. Depositions of Tiedemann Globes' 30(b)(6) witness and driver, Devin Jamall Davis.

**C. REASON WHY DISCOVERY WAS NOT COMPLETED**

The Parties have been working diligently and cooperatively to move discovery forward in this matter. However, discovery has been delayed due to a case developments, including the collection of additional medical records and billing of Plaintiffs Juan Cisneros and Angelick Bentancourt. These efforts have taken longer than anticipated and, as a result, additional time is necessary to complete outstanding discovery, including the depositions of experts and treating physicians.

**D. CURRENT DEADLINES**

- Amend pleadings/add parties July 14, 2026.
- Initial Expert Disclosures August 13, 2026.
- Rebuttal Expert Disclosures September 14, 2026.
- Discovery cutoff October 12, 2026.
- Dispositive Motions November 11, 2026.
- Joint proposed Pretrial Order December 11, 2026, or 30 days after resolution of dispositive motions.

**E. PROPOSED DEADLINES**

- Initial Expert Disclosures: N/A
- Rebuttal Expert Disclosures: N/A
- Discovery cutoff: December 11, 2026.
- Dispositive Motions: January 10, 2027.

- Joint Proposed Pretrial Order: February 9, 2027, or 30 days after decision on dispositive motions.

This request for an extension of time is not sought for any improper purpose or other purpose of delay. The parties are seeking sufficient time to conduct necessary depositions. The parties respectfully submit that the reasons set forth above constitute a substantive showing supporting the requested extension and provide compelling reasons and good cause for the requested sixty (60) day extension.

Counsel to this matter have agreed to the use of their e-signatures via email correspondence attached hereto.

**APPROVED AS TO FORM AND CONTENT.**

**DATED** this 28th day of September, 2026

**DIMOPOULOS INJURY LAW**

/s/ Justin Zarcone

Steve Dimopoulos, Esq.
Nevada Bar No. 12729
Justine Zarcone, Esq.
Nevada Bar No. 8735
*Attorneys for Juan Cisneros & Angelick Bentancourt*

**DATED** this 28th day of September, 2026

**LEWIS BRISBOIS BISGAARD & SMITH**

/s/ Matthew A. Cavanaugh

Matthew A. Cavanaugh, Esq.
Nevada Bar No. 11077
Joshua M. MacLeod, Esq.
Nevada Bar No. 17247
*Attorneys for Defendants*

**IT IS SO STIPULATED.**

**ORDER**

The parties' showing of diligence remains very thin. Given that this request is made jointly and as a one-time courtesy, the Court **GRANTS** this stipulation. **NO FURTHER EXTENSIONS WILL BE GRANTED.**

**IT IS SO ORDERED**

Dated: October 2, 2026

**UNITED STATES MAGISTRATE JUDGE**

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW